1 | Steven P. Chang, SBN: 221783
2 | **LAW OFFICES OF STEVEN P. CHANG**
801 South Garfield Avenue, Suite 338
3 | Alhambra, California 91801
Tel.: (626)281-1232
4 | Fax: (626)281-2919
5 |
Attorney for Creditor
6 | Bestek Engineering, Inc.
7 |
8 | UNITED STATES BANKRUPTCY COURT
9 | CENTRAL DISTRICT OF CALIFORNIA

In re:                                   Case No.: 6:13-bk-10486-MH

                                         Adversary No.:

Cynthia Malyzsek,                        Chapter 7

         Debtor.

_____         ADVERSARY COMPLAINT TO
                                         DETERMINE DISCHARGEABILITY AND
                                         OBJECTION TO DISCHARGE
Bestek Engineering, Inc.,
Plaintiff,
                                         [11 U.S.C. §523(a)(2)(A) & §523(a)(4).]
vs

Cynthia Malyzsek,
Defendant.

                                         **Date:  To Be Set**
                                         **Time:**
                                         **Place:**
                                         **Judge:**

COMES NOW Plaintiff, Bestek Engineering, Inc. ("Bestek" or "Plaintiff"), a California Corporation, by and through its counsel, for its complaint against Cynthia Malyzsek ("Malyzsek" or "Defendant"), hereby alleges as follows:

## I.

## JURISDICTION AND VENUE

1.    The within action is a core proceeding under 11 U.S.C. §727 to determine the nondischargeability of a debt owing from Defendant to Plaintiff in the above-entitled bankruptcy proceeding now pending before this Court.

2.    The Court has jurisdiction over this adversary proceeding pursuant to 28 USC. §1334. This adversary proceeding relates to the Chapter 7 bankruptcy petition filed on January 10, 2013 (the "Chapter 7 Proceeding") by Defendant pending in the Central District of the United States Bankruptcy Court as Case No.: 6:13-bk-10486-MH.

3.    Plaintiff is informed and believes that Defendant is an individual domiciled within the County of San Bernardino, State of California, within the Central District of the Bankruptcy Court.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391, 1408 and 1409(a).

5.    Plaintiff is a judgment creditor of Defendant, and the primary debt of the Defendant is nondischargeable in bankruptcy by virtue of 11 U.S.C. §523

## II.

## STATEMENT OF FACTS

6.    On or about May 7, 2002 Defendant Cynthia Malyszek and Robert Malyszek (a Debtor in a separate bankruptcy filing pending in Santa Barbara Division, Case no.: 9:12-bk-14528-RR), represented to Plaintiff that they are attorneys at law duly license to practice in the state of California in both state and federal courts.  See attached hereto Exhibit "A" true and correct copy of the Letter from State Bar of California re: non-members Robert Malyszek and Cynthia Malyszek.

7.    Defendant Cynthia and Robert Malyszek further represented that they were qualified to file and prosecute Qui Tam action on behalf of Plaintiff in the federal court and to conduct all legal work associated therewith, including civil actions in any California court.

8.    These representations made by Defendant Cynthia and Robert Malyszek were in fact false.

9.    When Defendant Cynthia and Robert Malyszek made these representations, they knew them to be false and made these representations with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the expectation that plaintiff would so act.

10.    Plaintiff, at the time these representations were made by Defendant Cynthia and Robert Malyszek, was ignorant of the falsity of Defendant's representations and believed them to be true. In reliance on these representations, Plaintiff was induced to and did retain Defendant Cynthia and Robert Malyszek to perform the legal work. Had Plaintiff known the actual facts, it would not have taken such action.   Plaintiff's reliance on Defendant's representations was justified because Defendant had been listed in various law directories as attorneys and had given seminars declaring that he was an attorney specializing in government contract disputes and Qui Tam actions and Defendant maintained "a law office" in the city and county of Los Angles, state of California.  It was not until on or about November 10, 2005 that Plaintiff discovered that the Defendant was not licensed to practice law.  See attached hereto Exhibit "B" true and correct copy of the retainer agreement.

11.    Plaintiff as a result of this fraud and misrepresentation suffered damages in excess of $165,326.45.

13.    As a result, in 2007 Plaintiff filed in Superior Court of California, County of Los Angeles, West District, an action against Robert and Cynthia Malyszek for (1) Breach of Written Contract; (2) Fraud; and (3) Conspiracy.  (Bestek Engineering, Inc. v. Robert Malyszek & Cynthia Malyszek, et al. Case No. SC091492.)

14.    In or about April 17, 2007, Plaintiff Bestek Engineering, Inc. obtained a default judgment in a prove up trial against all defendants in the amount of $165,326.45.  The judgment

was also contested by the defendants later in or about August 2007, but was denied by the State

Court Judge after briefing and arguments.   See attached hereto Exhibit "C" true and correct copy

of the State Court Judgment.

15.    Accordingly, on April 17, 2007 a Judgment based on Fraud was rendered against

Robert Malyszek, Cynthia Malyszek, and Malyszek & Malyszek (the purported law firm).

### III.

### FIRST CLAIM FOR RELIEF

(For a Determination That Debts Are Not Dischargeable Pursuant to 11 U.S.C.

§523(a)(2)(A))

16.    The Plaintiff repeats and alleges paragraph 1 through 15, supra, as if set forth

herein in their entirety.

17.    Purposefully deceptive and misleading representations were made by Defendant to

the Plaintiff.

18.    Defendant had knowledge of the falsity when the representation was made.

19.    Defendant intended to deceive Plaintiff in making such representation as set forth

above.

20.    Plaintiff had justifiably relied on such representation.

21.    Plaintiff suffered damage as a result.

### IV.

### SECOND CLAIM FOR RELIEF

(For a Determination That Debts Are Not Dischargeable Pursuant to 11 U.S.C. §523(a)(4))

22.    The Plaintiff repeats and alleges paragraph 1 through 21, supra, as if set forth

herein in their entirety.

23.    Defendant acted in a "fiduciary relationship" (i.e. pretending to be the attorney of Plaintiff") when the alleged wrongful acts giving rise to Plaintiff's claim occurred.

24.    Defendant committed fraud.


**WHEREFORE,** Plaintiff prays that the Court enter an Order awarding the Plaintiff As to all Claims for Relief, Judgment:

1. Determining that the Debt of Cynthia Malyszek owing to Bestek Engineering Inc, is nondischargeable pursuant to 11 USC Section 524 (a)(2)(A) and Section 524(a)(4);

2. For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable;

3. For costs of suit herein incurred; and

4. For such other and further relief as this Court deems just and proper.




Respectfully Submitted,
LAW OFFICES OF STEVEN P. CHANG


Dated: April 16, 2013              By: _____

                                   Steven P. Chang, Attorney for Creditor

# EXHIBIT A





# THE
# STATE BAR
# OF CALIFORNIA

180 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-1639
TELEPHONE (415) 538-2000

February 22, 2007

TO WHOM IT MAY CONCERN:

That the undersigned is the Custodian of Membership Records of the State Bar of
California and a custodian of its membership records and files; that she has made a
diligent search of the same; that she has failed to find any record showing that any
person by the name of ROBERT MALYSZEK has been admitted to the practice of
law in this state, or has registered as a member of the State Bar of California, or has
paid fees as an active or inactive member thereof from the date of the organization
of the State Bar on July 29, 1927, to date hereof; and that although the State Bar has
a complete record of those persons admitted since its organization, its record of those
admitted prior thereto is not necessarily complete, as it has been assembled from
various unrelated sources.

THE STATE BAR OF CALIFORNIA

Kath Lambert
Custodian of Membership Records




# THE
# STATE BAR
# OF CALIFORNIA

180 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-1639
TELEPHONE (415) 538-2000

February 22, 2007

TO WHOM IT MAY CONCERN:

That the undersigned is the Custodian of Membership Records of the State Bar of California and a custodian of its membership records and files; that she has made a diligent search of the same; that she has failed to find any record showing that any person by the name of CYNTHIA MALYSZEK has been admitted to the practice of law in this state, or has registered as a member of the State Bar of California, or has paid fees as an active or inactive member thereof from the date of the organization of the State Bar on July 29, 1927, to date hereof; and that although the State Bar has a complete record of those persons admitted since its organization, its record of those admitted prior thereto is not necessarily complete, as it has been assembled from various unrelated sources.

THE STATE BAR OF CALIFORNIA

*Kath Lambert*

Kath Lambert
Custodian of Membership Records

# EXHIBIT B

 

# MALYSZEK & MALYSZEK

*10100 Santa Monica Boulevard, Suite 800*
*• Los Angeles, CA 90067 • (310) 772-2266*

*Fax No. 310-772-2265.*

*Georgetown Place, 1101 30th St. NW, Suite 500*
*• Washington, D.C. 20007 • (202) 625-4365*

## AGREEMENT
### OF
### MAY 7, 2002

**Mr. Kevin Jones, President of Bestek Engineering** of 12517 Crenshaw Boulevard, Hawthorne, California 90250 hereby retains the services of **Malyszek & Malyszek** for:

- *CONSULTING AND LEGAL SERVICES FOR GOVERNMENT CONTRACT ISSUES WHICH SHALL INCLUDE, BUT NOT LIMITED TO:*
  - *QUI TAM PROCEEDINGS*
  - *CIVIL ACTIONS*
  - *TERMINATION FOR CONVENIENCE SETTLEMENT*
  - *ANY AND ALL FURTHER ACTIONS RELATING TO THE ABOVE MATTERS*

Malyszek & Malyszek will serve in a general contract administration and consulting services position for Bestek Engineering ("Bestek").

**TERMS:**

1. <u>Retainment and Fees</u>. Bestek agrees to pay Malyszek & Malyszek:

   I.   retainment fee of $28,000
        - first payment of $15,000 is due at the time of signing of this agreement
        - the balance of the retainment fee is due on July 10, 2002
   II.  20% contingency on all monies collected as a result of the above mentioned proceedings
   III. any expenses beyond the original retainer if needed

It is Malyszek & Malyszek's practice to bill against the retainer, then bill the client for the used portion after a 30-day period from the date this agreement was signed.

Malyszek & Malyszek attorney's agree to waive all hourly rates in return for a 20% contingency on all monies collected as a result of the above mentioned proceedings. The only charges to Bestek Engineering will be those of paralegals and law clerks and all out of pocket expenses incurred by Malyszek & Malyszek in furtherance of the above mentioned proceedings.

2. <u>Fees for Service.</u> Malyszek & Malyszek's billing practices are to charge for our services based primarily on a number of hours devoted to the matter multiplied by the hourly guideline billing rates of each of the particular professionals performing the service. These hourly guideline rates are based upon experience, expertise, and standing within the legal community and the



**EXHIBIT A**

 

government contract law community. It is our practice to record all of the time spent by each of the attorneys, government contracts specialists, paralegal and law clerks within the office and to apply to such time the hourly guideline rate of that professional. The hourly guideline rates, which are periodically adjusted, for professionals within the firm presently range from $125 per hour to $430 per hour. As a result of the agreed upon contingency fee, Malyszek & Malyszek will only bill paralegals and law clerks at an hourly rate of $75 per hour.

It is our practice to utilize the lowest fee rates possible when performing a task if appropriate.

3. **Out of Pocket Expenses and Disbursements**. In the normal course of representation, we may incur certain ordinary expense items such as filling fees and costs associated with this action. It is Malyszek & Malyszek's policy that Bestek will not be charged for the following: long distance phone calls, postage, messenger service or word processing. The out of pocket expenses that will be charged to Bestek include, but are not limited to, the hiring of outside counsel, private investigators, travel and legal research. Any and all decisions regarding the hire of outside counsel and investigators will be at the approval of Bestek Engineering.

4. **Computer Aided Legal Research**. All research in connection with consulting will be charged. Computer aided legal research is any time spent on Lexis or Westlaw in support of this case.

5. **Statements**. It is our practice is to send statements for all services rendered and disbursements incurred. The detail of the statements will inform you as to both the nature and progress of the work and the fees and disbursements which have been incurred.

Our fee structure is based upon the promise that all statements are due and payable upon receipt. If the payments are delayed, we reserve the right to charge interest from the due date until the date when paid. While we do our best to ensure that our clients are satisfied with both our services and with our reasonableness of fees charged, if you have any questions regarding statement or regarding the basis of our fees, please feel free to raise such questions.

6. **Nature of Relationship**. The consultant – client relationship is one of mutual trust and confidence. If you have any questions at all concerning the provisions of this agreement we invite your inquiries.

Accepted: _____    Dated: 05/07/02
~~Kevin Jones~~   Choo (Kevin) Jung
Bestek Engineering   Inc.

Accepted: _____    Dated: 5/7/02
Cynthia S. Malyszek
Senior Partner
Malyszek & Malyszek

2

# EXHIBIT A

# EXHIBIT C

JUD-100

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:

HAROLD P. MARGULIES, Esq.
Attorney at Law
1875 Century Park East
Suite 1240
Los Angeles, CA 90067

TELEPHONE NO.: (310) 552-1736    FAX NO. *(Optional)*: (310) 552-3210
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:    Plaintiff

FOR COURT USE ONLY

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 2 3 2007

BY _____
R. PAPPAS    DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS:  1725 Main Street
MAILING ADDRESS:  Room 101
CITY AND ZIP CODE:  Santa Monica, CA 90401
BRANCH NAME:  WEST DISTRICT/SANTA MONICA COURTHOUSE

PLAINTIFF: BESTEK ENGINEERING, INC.

DEFENDANT: ROBERT MALYSZEK et al.

| JUDGMENT | |
|---|---|
| ☐ By Clerk    ☒ By Default | ☐ After Court Trial |
| ☒ By Court    ☐ On Stipulation | ☐ Defendant Did Not Appear at Trial |

CASE NUMBER:
SC091492

## JUDGMENT

1. ☒ **BY DEFAULT**

   a. Defendant was properly served with a copy of the summons and complaint.

   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.

   c. Defendant's default was entered by the clerk upon plaintiff's application.

   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.

   e. ☒ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☒ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**

   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and

   b. ☐ the signed written stipulation was filed in the case.

   c. ☐ the stipulation was stated in open court    ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.

   a. The case was tried on *(date and time)*:
      before *(name of judicial officer)*:

   b. Appearances by:

   ☐ Plaintiff *(name each)*:          ☐ Plaintiff's attorney *(name each)*:
      (1)                                 (1)
      (2)                                 (2)

   ☐ Continued on Attachment 3b.

   ☐ Defendant *(name each)*:          ☐ Defendant 's attorney *(name each)*:
      (1)                                 (1)
      (2)                                 (2)

   ☐ Continued on Attachment 3b.

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. ☐ A statement of decision (Code Civ. Proc., § 632)    ☐ was not    ☐ was    requested.

Form Approved for Optional Use
Judicial Council of California
JUD-100 [New January 1, 2002]

**JUDGMENT**

Legal
Solutions
Plus

Code of Civil Procedure, §§ 585, 664.6

| PLAINTIFF: BESTEK ENGINEERING, INC.<br><br>DEFENDANT: ROBERT MALYSZEK et al. | CASE NUMBER:<br>SC091492 |
|---|---|

JUDGMENT IS ENTERED AS FOLLOWS BY: [x] THE COURT    [ ] THE CLERK

4. [ ] **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

a. [x] for plaintiff *(name each)*: BESTEK ENGINEERING, INC.

    and against defendant *(names)*: ROBERT MALYSZEK; CYNTHIA MALYSZEK; MALYSZEK & MALYSZEK, a co-partnership
[ ] Continued on Attachment 5a.

b. [ ] for defendant *(name each)*:

c. [ ] for cross-complainant *(name each)*:

    and against cross-defendant *(name each)*:
[ ] Continued on Attachment 5c.

d. [ ] for cross-defendant *(name each)*:

6. **Amount.**

a. [x] Defendant named in item 5a above must pay plaintiff on the complaint:

| | | | |
|---|---|---|---|
| (1) | [x] | Damages | $ 164,794.60 |
| (2) | [ ] | Prejudgment interest at the annual rate of        % | $ |
| (3) | [ ] | Attorney fees | $ |
| (4) | [x] | Costs | $         531.85 |
| (5) | [ ] | Other *(specify)*: | $ |
| (6) | | **TOTAL** | $165,326.45 |

c. [ ] Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | |
|---|---|---|---|
| (1) | [ ] | Damages | $ |
| (2) | [ ] | Prejudgment interest at the annual rate of        % | $ |
| (3) | [ ] | Attorney fees | $ |
| (4) | [ ] | Costs | $ |
| (5) | [ ] | Other *(specify)*: | $ |
| (6) | | **TOTAL** | $ |

b. [ ] Plaintiff to receive nothing from defendant named in item 5b.
[ ] Defendant named in item 5b to recover costs $
    and attorney fees $

d. [ ] Cross-complainant to receive nothing from cross-defendant named in item 5d.
[ ] Cross-defendant named in item 5d to recover costs $
    and attorney fees $

7. [ ] Other *(specify)*:

Date: 7-23 0 07    [signature]  _____
                                       JUDICIAL OFFICER

Date: _____    [ ] Clerk, by _____, Deputy

| (SEAL) | **CLERK'S CERTIFICATE** *(Optional)*<br><br>I certify that this is a true copy of the original judgment on file in the court.<br><br>Date:<br><br>Clerk, by _____, Deputy |
|---|---|

JUD-100 [New January 1, 2002]

**JUDGMENT**

Page 2 of 2

MC-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
HAROLD P. MARGULIES, Esq.
Attorney at Law
1875 Century Park East
Suite 1240
Los Angeles, CA 90067
TELEPHONE NO: (310) 552-1736    FAX NO.: (310) 552-3210
ATTORNEY FOR (Name): Plaintiff

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

WEST DISTRICT/SANTA MONICA COURTHOUSE

PLAINTIFF: BESTEK ENGINEERING, INC.

DEFENDANT: ROBERT MALYSZEK et al.

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 23 2007

BY _____
K. PAPPAS        DEPUTY

## MEMORANDUM OF COSTS (SUMMARY)

CASE NUMBER:
SC091492

**The following costs are requested:**

|   | | TOTALS |
|---|---|---|
| 1. Filing and motion fees | 1. $ | 320.00 |
| 2. Jury fees | 2. $ | |
| 3. Jury food and lodging | 3. $ | |
| 4. Deposition costs | 4. $ | |
| 5. Service of process | 5. $ | 211.85 |
| 6. Attachment expenses | 6. $ | |
| 7. Surety bond premiums | 7. $ | |
| 8. Witness fees | 8. $ | |
| 9. Court-ordered transcripts | 9. $ | |
| 10. Attorney fees (enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required) | 10. $ | |
| 11. Models, blowups, and photocopies of exhibits | 11. $ | |
| 12. Court reporter fees as established by statute | 12. $ | |
| 13. Other | 13. $ | |
| **TOTAL COSTS** | $ | 531.85 |

I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

Date: May 13, 2007

HAROLD P. MARGULIES
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

(Proof of service on reverse)

**MEMORANDUM OF COSTS (SUMMARY)**

Legal
Solutions
Plus

Code of Civil
§§




| PETITIONER/PLAINTIFF:  BESTEK ENGINEERING, INC.<br>RESPONDENT/DEFENDANT:  ROBERT MALYSZEK et al. | CASE NUMBER: |
|---|---|

3a(2)(a)(b)

ROBERT MALYSZEK, 11250 Jacobson Place, Moorpark, CA 93021

CYNTHIA MALYSZEK, 16229 High Vista Lane, Chino, CA 91709

MALYSZEK & MALYSZEK, a co-partnership, 16229 High Vista Lane, Chino, CA 91709

Legal
Solutions
Plus

FORM B104  (08/07)                                                                          2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Bestek Engineering, Inc. | DEFENDANTS<br>Cynthia Malyzsek |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Law Offices of Steven P. Chang<br>801 S. Garfield Ave, Ste 338, Alhambra, CA 91801<br>(626) 281-1232 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Dischargeability under Sec. 523(a)(2); Sec. 523(a)(4)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐① 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐② 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐  Check if this case involves a substantive issue of state law | ☐  Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐  Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                                      2007 USBC, Central District of California

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | |
|---|---|
| NAME OF DEBTOR<br>CYNTHIA MALYZSEK | BANKRUPTCY CASE NO.<br>6:13-bk-10486MH |

| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISIONAL OFFICE<br>RIVERSIDE | NAME OF JUDGE<br>Mark Houle |
|---|---|---|

| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
|---|---|---|
| PLAINTIFF<br>N/A | DEFENDANT | ADVERSARY PROCEEDING NO. |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE<br>4/16/13 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>STEVEN P. CHANG |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Steven P. Chang, SBN: 221783<br>LAW OFFICES OF STEVEN P. CHANG<br>801 South Garfield Avenue, Suite 338<br>Alhambra, California 91801<br>Tel.: (626)281-1232<br>Fax: (626)281-2919<br><br><br><br>*Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| In re:<br><br>Cynthia Malyzsek,<br><br><br>Debtor(s). | CASE NO.: 6:13-bk-10486-MH<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| Bestek Engineering, Inc.,<br><br>Plaintiff(s)<br><br>Versus<br><br>Cynthia Malyzsek,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____<br>Time: _____<br>Courtroom: _____ | Place:<br>☐  255 East Temple Street, Los Angeles, CA 90012<br>☐  3420 Twelfth Street, Riverside, CA 92501<br>☐  411 West Fourth Street, Santa Ana, CA 92701<br>☐  1415 State Street, Santa Barbara, CA 93101<br>☐  21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.1) with an attachment for additional parties if necessary (LBR form F 7016-1.1a). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                        **KATHLEEN J. CAMPBELL**
                        **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                    By: _____
                             Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 2                          **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
801 S. Garfield Ave Ste 338 Alhambra CA 91801

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  Vivian Quach  _____
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                              Page 3                    **F 7004-1.SUMMONS.ADV.PROC**