**FILED & ENTERED**

**JAN 12 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** cargill **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>Cynthia Malyzsek<br><br>Debtor(s).<br><br>―――――――――――――<br><br>Bestek Engineering, Inc.,<br><br>Plaintiff(s),<br>v.<br><br>Cynthia Malyzsek<br><br>Defendant(s). | CHAPTER 7<br><br>Case No.: 6:13-bk-10486-MH<br><br>Adv No: 6:13-ap-1164-MH<br><br>**AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:     September 7, 2016<br>Time:    3:00 PM<br>Courtroom:  303 |

    On September 7, 2016 at 3:00 P.M. in Courtroom 303 of the United States Bankruptcy Court, there came on for hearing the motion for summary judgment (the "Motion") filed by Plaintiff Bestek Engineering, Inc. ("Plaintiff") in the above referenced adversary proceeding against Defendant Cynthia Malyzsek ("Defendant"). Appearances were noted on the record. On October 11, 2016, the Court granted Plaintiff's Motion as to the issue of liability of Defendant under 11 U.S.C. § 523(a)(2)(A) and denied Plaintiff's Motion as to the issue of damages. On its own motion, the Court has reconsidered the issue of damages, and, based on the attached findings of fact and conclusions of law, the Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HEREBY ORDERS that:

    1. The Motion is GRANTED in its entirety.

**IT IS SO ORDERED**

###

Date: January 12, 2017

Mark Houle
United States Bankruptcy Judge

## I. BACKGROUND

On December 13, 2012, Robert Malyzsek ("Robert") filed a voluntary Chapter 7 bankruptcy petition. On March 7, 2013, Bestek Engineering, Inc. ("Plaintiff") filed an adversary complaint against Robert to determine the dischargeability of debt under 11 U.S.C. §§ 523(a)(2) and (a)(4). On March 18, 2013, Mr. Malyzsek received his discharge, and his bankruptcy case was closed the same day.

On January 10, 2013, Cynthia Malyzsek ("Cynthia") filed a voluntary chapter 7 bankruptcy. On April 16, 2013, Plaintiff filed an adversary complaint against Cynthia to determine the dischargeability of debts under 11 U.S.C. §§ 523(a)(2) and (a)(4). On April 22, 2013, Mrs. Malyzsek received her discharge, and her bankruptcy case was closed on April 30, 2013.

On June 10, 2013, the adversary proceeding against Robert was transferred from the Northern Division to the Riverside Division and assigned to this Court.

Plaintiff alleges that Robert and Cynthia (collectively, "Defendants") represented to Plaintiff that they were attorneys licensed to practice in the state of California in both state and federal courts. Plaintiff further alleges that Defendants represented that they were qualified to file and prosecute an action on behalf of Plaintiff in federal court and to conduct legal work associated therewith, including civil actions in any California Court.

On November 18, 2013, Plaintiff filed a Motion for Summary Judgment ("First MSJ"), Request for Judicial Notice, and Proposed Statement of Uncontroverted Facts. On January 8, 2014, Defendants filed an Opposition to Plaintiff's Motion and Statement of Genuine Dispute of Material Facts. Plaintiff did not file any reply to Defendants' opposition. A hearing on the First MSJ took place on January 29, 2014, and on April 11, 2014, the Court entered an order denying the First MSJ.

On July 5, 2016, Plaintiff filed a Second Motion for Summary Judgment, which included the Declaration of Steven P. Chang, Declaration of Choo Jung ("Second MSJ"); Request for Judicial Notice; and Statement of Uncontroverted Facts and Conclusions of Law. On August 30, 2016, Mr. Chang filed a Supplemental Declaration.

## II. UNDISPUTED FACTS

On or about October 20, 2006, Plaintiff filed a complaint in Superior Court of California, County of Los Angeles against Defendants for (1) beach of written contract, (2) fraud, and (3) conspiracy arising out of a retainer agreement. On April 17, 2007, the state court conducted a prove-up hearing on Plaintiff's Motion for Default Judgment.

At the April 17, 2007 prove up hearing, the state court found for Plaintiff on the breach of contract and fraud actions, and entered a judgment ("Judgment") in the amount of $164,794.60 in favor of Plaintiff. On or about August 15, 2007, Defendants filed a Motion to Set Aside Default and Default Judgment in the state court, which was denied.

## III. DISCUSSION

Initially, the Court notes that the caption page of the Second MSJ, and page 2, lines 8-9 reference Plaintiff's non-dischargeability claim under § 523(a)(4). However, the Second MSJ does not provide any analysis supporting relief under § 523(a)(4), and the conclusion on page 11 does not reference any relief under § 523(a)(4). Therefore, any claim to non-dischargeability based on § 523(a)(4) will not be considered here.

Plaintiff requests that the Court apply issue preclusion to the Judgment and find that the $126,000.00 of the Judgment is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). The Bankruptcy Code excepts from

discharge any debt for money, property, services, or credit obtained by false pretenses, a false representation, or actual fraud. 11 U.S.C. § 523(a)(2)(A). The creditor bears the burden of proving each element of § 523(a)(2)(A) by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 287 (1991).

To prevail on a claim under § 523(a)(2)(A), a creditor must demonstrate five elements: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of the debtor's statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. Candland v. Ins. Co. of N. Am. (In re Candland), 90 F.3d at 1466, 1469 (9th Cir.1996); Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman), 234 F.3d 1081, 1085 (9th Cir. 2000).

Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (incorporated by Fed. R. Bankr. P. 7056).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. Id. at 324. The court must view the evidence in the light most favorable to the nonmoving party. Bell v. Cameron Meadows Land Co., 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976).

If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. Id. However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact…." Matsushita Electrical Industry Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

### A. Issue Preclusion on Plaintiff's First Claim under 11 U.S.C. § 523(a)(2)(A)

Issue preclusion applies in nondischargeability proceedings to bar the relitigation of factual issues that were determined in a prior state court action. Grogan, 498 U.S. at 284–85 n. 11 (1991). To determine the issue-preclusive effect of a California state court's judgment, California preclusion law must be applied. 28 U.S.C. § 1738; Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985); Gayden v. Nourbakhsh (In re Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995). Under California law, the party asserting issue preclusion has the burden of establishing the following "threshold" requirements:

    (1)    the issue sought to be precluded must be identical to that decided in a former proceeding;
    (2)    the issue must have been actually litigated in the former proceeding;
    (3)    it must have been necessarily decided in the former proceeding;
    (4)    the decision in the former proceeding must be final and on the merits; and,
    (5)    the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir.2001); Lopez v. Emergency Serv.

Restoration, Inc. (In re Lopez), 367 B.R. 99, 108 (9th Cir. B.A.P. 2007).

Additionally, the application of issue preclusion requires a "mandatory 'additional' inquiry into whether imposition of issue preclusion would be fair and consistent with sound public policy." In re Khaligh, 338 B.R. at 824–25. As stated by the California Supreme Court

> We have repeatedly looked to the public policies underlying the doctrine before concluding that collateral estoppel should be applied in a particular setting.... Accordingly, the public policies underlying collateral estoppel—preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation—strongly influence whether its application in a particular circumstance would be fair to the parties and constitutes sound judicial policy.

Lucido v. Super. Ct., 51 Cal. 3d 335, 342–43 (1990) (internal citations omitted); see also Lopez, 367 B.R. at 108.

### i. Identical Issues

"The application of the doctrine of collateral estoppel depends on whether the issue in both actions is the same, not whether the issue arises in the same context." Ammari v. Brathwaite, 2012 U.S. Dist. LEXIS 88399 (E.D. Cal. June 26, 2012) (internal citations omitted). The "'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings." Murphy v. Murphy, 164 Cal. App. 4th 376, 400 (Cal. App. 1st Dist. 2008) (citing Lucido, 51 Cal.3d 335, 342 (Cal. 1990)). "The elements of § 523(a)(2)(A) match the elements of common law fraud and of actual fraud under California Law." Jung Sup Lee v. TCAST Communs., Inc. (In re Jung Sup Lee), 335 B.R. 130, 136 (9th Cir. B.A.P. 2005) (internal citations omitted). Here, since the elements for fraud under a § 523(a)(2)(A) claim are identical to the issues for fraud under California state law, the issue are identical.

### ii. Actually Litigated and Necessarily Decided

Under California law, an issue is "actually litigated" when it is properly raised by a party's pleadings or otherwise, when it is submitted to the court for determination, and when the court actually determines the issue. Harmon v. Kobrin (In re Harmon), 250 F.3d at 1247; Hernandez v. City of Pomona, 46 Cal. 4th 501, 514 (Cal. 2009). In the alternative, California courts have held that if an issue is determined to have been necessarily decided in a prior proceeding, it was actually litigated. Harmon, 250 F.3d at 1248.

To meet its burden, the moving party must have pinpointed the exact issues litigated in the prior action and introduced a record revealing the controlling facts. Kelly v. Okoye (In re Kelly), 182 B.R. 255, 258 (9th Cir. B.A.P. 1995), aff'd, 100 F.3d 110 (9th Cir.1996). Reasonable doubts about what was decided in the prior action are resolved against the party seeking preclusion. Id.

California law accords preclusive effect to default judgments, "at least where the judgment contains an *express* finding on the allegations." Gottlieb v. Kest, 141 Cal. App. 4th 110, 149 (Cal. App. 2d Dist. 2006) *(emphasis added)*; Green v. Kennedy (In re Green), 198 B.R. 564, 566 (9th Cir. B.A.P. 1996). The rationale behind finding that default judgments can be preclusive is that defendants who are served with a summons and complaint but fail to respond are presumed to admit all the facts pled in the complaint. Harmon, 250 F.3d at 1247. Therefore, a default judgment:

> conclusively establishes, between the parties so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action, and every fact necessary to uphold the default judgment

Gottlieb, 141 Cal.App.4th at 149 (internal citations omitted).

For a default judgment to be "actually litigated," the material factual issues must have been both raised in the pleadings and necessary to uphold the default judgment. Id. Therefore, the record in the prior proceeding must show an ***express finding*** upon the allegation for which preclusion is sought. However, "the express finding requirement can be waived if the court in the prior proceeding necessarily decided the issue." Cantrell v. Cal–Micro, Inc. (In re Cantrell), 329 F.3d 1119, 1124 (9th Cir.2003).

Under California law, an issue is necessarily decided when (1) there are explicit findings of an issue made in a judgment or decision, or (2) or when the issue is a conclusion that must have been necessarily decided by the court. Samuels v. CMW Joint Venture (In re Samuels), 273 F. App'x 691, 693 (9th Cir. 2008).

Here, Plaintiff has provided evidence that the state court found for Plaintiff on both its breach of contract and fraud causes of action [See Exhibit 1A, Transcript page 25, line 7 to page 26, line 17]. Therefore, Defendants liability under § 523(a)(2)(A) was actually litigated or necessarily decided by the state court.

Regarding the issue of damages, however, the state court did not explicitly delineate the extent to which damages were attributable to Plaintiff's breach of contract claim and the extent damages were attributable to Plaintiff's fraud claim. One court stated the following:

> A fundamental policy of bankruptcy law is to give a fresh start only to the honest but unfortunate debtor. Accordingly, simple breaches of contract are dischargeable. However, if a debt for an intentional breach of contract is accompanied by a tort, it is excepted from discharge. This applies equally to breaches of contract accompanied by fraud under the other subdivisions of § 523. The fraud makes nondischargeable a preexisting obligation, it does not itself create a new obligation. As such, the original breach of contract claim is the correct measure of the amount of the debt excepted from discharge.

In re Roth, 518 B.R. 63, 71 (S.D. Cal. 2014) (citations omitted); see also In re Jercich, 238 F.3d 1202, 1205 (9th Cir. 2001) (When an "intentional breach of contract is accompanied by a tortious conduct which results in willful and malicious injury, the resulting debt is excepted from discharge under § 523(a)(6)."); In re Riso, 978 F.2d 1151, 1154 (9th Cir. 1992) ("An intentional breach of contract is excepted from discharge under § 523(a)(6) only when it is accompanied by malicious and willful tortious conduct."). Therefore, under the standards outlined above, even an award for intentional breach of contract can be non-dischargeable in certain circumstances.

A court need not determine whether those circumstances are present, however, when the state court contract judgment overlaps with the state court tort judgment:

> Resort to a *Jercich* analysis, however, is unnecessary where the debt that a creditor seeks to except from discharge under § 523(a)(6) involves duplicative damages on account of both tort and breach of contract theories. In that context, the damages for tort independently support nondischargeability under § 523(a)(6), and there is no need to determine whether the breach of contract was tortious.

In re Lawson, 2015 WL 1291366 at *4 (B.A.P. 9th Cir. 2015) (damages recoverable under both tort and contract theories entitled to finding of non-dischargeability).

Given that Plaintiff's state court complaint requested identical damages under both causes of action, that the state court found for Plaintiff on both causes of action, and that the state court did not reduce or qualify the damages requested under either causes of action, the rational interpretation of the state court order is that duplicative damages, as discussed in *Lawson*, were awarded. An award of duplicative damages therefore is entitled to a finding of non-dischargeability, since one of the theories underlying that award, fraud, has already been determined by this Court to satisfy the requirements of non-dischargeability.

Alternatively, this Court can determine from the state court proceedings that the damages awarded, even

those which could be attributable to breach of contract, were proximately caused by fraud, since the fraud itself induced Plaintiff to enter into the contract that was breached. *See, e.g.*, *In re Vidov*, 2014 WL 3766721 at *8 (B.A.P. 9th Cir. 2014) (final element of §523(a)(2)(A) is that "the creditor sustained a loss or injury as a proximate result of the misrepresentations having been made"); *In re Kibler*, 172 B.R. 740, 742 (Bankr. W.D.N.Y. 1994 (showing of causal connection required); *In re Sobel*, 37 B.R. 780, 786 (Bankr. E.D.N.Y. 1984) ("As long as fraudulent misrepresentation is a material cause, it need not be the only factor for the resulting debt to be nondischargeable."). "Proximate cause is sometimes said to depend on whether the conduct has been so significant and important a cause that the defendant should be legally responsible." *In re Birtton*, 950 F.2d 602, 604 (9th Cir. 1991). "[A]s the Supreme Court explained in *Field*, a court may turn to the Restatement (Second) of Torts (1976), 'the most widely accepted distillation of the common law of torts,' for guidance on this issue." *In re Russell*, 203 B.R. 303, 313 (Bankr S.D. Cal. 1996) (*quoting Field v. Mans*, 516 U.S. 59, 70 (1995)).

"Turning to the Restatement, proximate cause entails (1) causation in fact, which requires a defendant's misrepresentations to be a substantial factor in determining the course of conduct that results in loss; and (2) legal causation, which requires the plaintiff's loss to have been reasonable expected to result from that reliance." *Id*. (*quotations omitted*); *see also In re Goguen*, 691 F.3d 62, 69 (1st Cir. 2012); *U.S. v. Hatfield*, 591 F.3d 945, 947 (7th Cir. 2010). Here, clearly Defendants' representation that they were licensed attorneys was a "substantial factor" in Plaintiff's decision to contract for Defendants to provide legal services; therefore, causation in fact is established. Legal causation is also established, since clearly Defendants failure to perform legal services is a reasonably foreseeable consequence of the fraudulent conduct of Defendants in falsely representing that they were attorneys. A false representation that an individual is a licensed professional can be the proximate cause of damages resulting from a failure to adequately provide the contracted for services. *See, e.g.*, *In re Britton*, 950 F.2d at 605 (false representation that individual was a doctor is a proximate cause of damages subsequently incurred through malpractice). Here, when the breach of contract was the failure to file documents which Defendants were ineligible to file, the inadequate performance is much more foreseeable than the malpractice that occurred in *Britton*. The breach of contract committed here was a natural and necessary result of the fraud, and, therefore, the breach of contract was accompanied by a tortious act, fraud, and is non-dischargeable.

### iii. Final and on the Merits

California law is settled that pending appeal, a trial court judgment is not final and will not be given res judicata effect. <u>Wright v. Turner (In re Turner)</u>, 204 B.R. 988, 993 (9th Cir. B.A.P. 1997); <u>Sandoval v. Superior Court</u>, 140 Cal. App. 3d at 936–37 (Cal. App. 5th Dist. 1983); <u>see</u> also <u>Kuykendall v. State Bd. of Equalization</u>, 22 Cal. App. 4th 1194, 1207, (1994); Cal. Civ. Proc. Code § 10499. Accordingly, under California law, a state judgment is not final, and therefore collateral estoppel may not be applied, unless (1) an appeal of the state judgment has been exhausted or (2) the time to appeal the state judgment has expired. <u>Kay v. City of Rancho Palos Verdes</u>, 504 F.3d 803, 808 (9th Cir. 2007); <u>Franklin & Franklin v. 7-Eleven Owners for Fair Franchising</u>, 85 Cal. App. 4th 1168, 1174 (2000); Cal. Civ. Proc. Code § 10499.

Here, the Judgment was entered on April 17, 2007, and Defendants have not appealed the Judgment. While Defendants filed a motion to set aside the default judgment with the state court, that motion was denied. Thus, the Court finds that the time to appeal the Judgment has expired and that it is final and on the merits.

### iv. Same Party

Here, the parties in the state court action are the same as the parties in the consolidated adversary proceedings.

### v. Application of Issue Preclusion

"The California Supreme Court has identified three policies underlying the doctrine of collateral estoppel: 'preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation.'" Baldwin v. Kilpatrick (In re Baldwin), 249 F.3d 912, 919-920 (9th Cir. Cal. 2001). Here, the Court finds that the application of issue preclusion would continue the preserve the integrity of the judicial system and promote judicial economy. Thus, the application of issue preclusion would further the policy and interests underlying the doctrine.